IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT M. MUDGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE SCOTTS MIRACLE-GRO ) <br> COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Cause No: 3:10-cv-00402-JPG-CJP <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Relator ROBERT M. MUDGE ("Relator"), by and through the undersigned attorneys, for his Complaint against Defendant The Scotts Miracle-Gro Company ("Defendant"), alleges as follows:

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

2. As set forth in detail below, Defendant has violated 35 U.S.C. §292(a), by falsely marking articles with an expired patent for the purpose of deceiving its competitors and the public into believing that such articles are covered by the falsely marked patent.

### PARTIES, JURSIDICATION AND VENUE

3. Relator Robert M. Mudge is a natural person and citizen and resident of the Southern District of Illinois.

4. Defendant The Scotts Miracle-Gro Company, is a corporation organized and existing under the laws of Ohio, having its principal place of business at 14111 Scottslawn Road, Marysville, Ohio 43041.

5.   This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

6.   Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because Defendant has conducted and continues to conduct business in this District through the sale of its products which are the subject matter of this Complaint to consumers throughout this District. Upon information and belief, such sales are substantial, continuous, and systematic.

## THE EXPIRED PATENT

7.   U.S. Patent No. 4,238,505 ("the '505 Patent"), entitled INSECTICIDAL BIPHENYLMETHYL PERHALOALKYLVINYLCYCLO-PROPANECARBOXYLATES, was filed on June 25, 1979,[1] and issued on December 9, 1980.  A true and correct copy of the '505 Patent is attached as Exhibit 1 to this Complaint.

8.   The '505 Patent expired no later than December 10, 1994.

## COUNT I

9.   Relator incorporates the allegations contained in Paragraphs 1 through 8 as if fully set out herein.

10.   Defendant makes, sells, or has made and has sold, a variety of products for sale to distributors, retailers, and the general consuming public.

11.   Defendant is a sophisticated business entity with extensive experience in the procurement, acquisition, and litigation of patents in the United States.

12.   Because of the nature of its business, Defendant actively seeks and maintains a number of patents.

13.   Defendant claims to own, or have licenses under, a substantial number of patents and patent applications.

---

[1] The '505 Patent is subject to an earliest effective filing date of January 20, 1978.

14. Upon information and belief, Defendant has an in-house legal department which is responsible for Defendant's intellectual property and ensuring compliance with marketing, labeling, and advertising laws.

15. As a sophisticated business entity, Defendant knows or reasonably should have known of the requirements and provisions of 35 U.S.C. §292.

16. Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following products with the expired '505 Patent:

> (a) Ortho® Home Defense MAX® Perimeter & Indoor Insect Killer.  Images of the Ortho® Home Defense MAX® Perimeter & Indoor Insect Killer are attached as Exhibit 2 to this Complaint.

17. The instance of false marking shown in Exhibit 2 is representative and not exhaustive.

18. Defendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

19. Upon information and belief, Defendant knew or reasonably should have known that the articles it marked and continues to mark with the '505 Patent are not covered by the expired patent marked on its product because an expired patent has no monopoly rights.

20. Defendant has marked and continues to mark its products with the '505 Patent for the purpose of conveying to the public that its products are covered by the '505 Patent.

21. Defendant intentionally included the '505 Patent on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

22. Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

23. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

24. Thus, by marking and continuing to mark articles with the '505 Patent without a reasonable belief that such articles were covered by the patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

WHEREFORE, Relator prays that this Court enter judgment in their favor and against Defendant as follows:

A. Entering an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292.

B. Order Defendant to pay a civil monetary fine of $500 per false marking offense, or an alternative amount as determined by the Court, one-half of which shall be paid to the United States;

C. Order Defendant to provide an accounting for any falsely marked products not presented at trial and a monetary award set by the Court for such falsely marked articles;

D. Order Defendant to pay all costs of this action, including attorneys' fees and all available interest; and

    E.    Grant Relator any such other and further relief as the Court may deem just and equitable.

Dated: May 28, 2010

**KOREIN TILLERY**

/s Aaron M. Zigler
Stephen A. Katz
Aaron M. Zigler
One U.S. Bank Plaza
505 N. 7th Street, Suite 3600
St. Louis, Missouri  63101-1625
Telephone:  (314) 241-4844
Facsimile:  (314) 450-4138
skatz@koreintillery.com
azigler@koreintillery.com

George A. Zelcs
John A. Libra
205 N. Michigan Avenue - Suite 1950
Chicago, Illinois  60601-4269
Telephone:  (312) 641-9760
Facsimile:  (312) 641-9751
gzelcs@koreintillery.com
jlibra@koreintillery.com

***Attorneys for Plaintiff***