IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT M. MUDGE, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:10-cv-402-JPG/CJP |
| THE SCOTTS MIRACLE-GRO COMPANY, | : |
| Defendant. | : |

## MEMORANDUM AND ORDER

A threshold issue in this case is whether plaintiff Robert Mudge has alleged an injury in fact required to give him Article III standing in his false patent marking claim under 35 U.S.C. § 292. This precise issue is currently pending before the United States Court of Appeals for the Federal Circuit in the appeal of *Stauffer v. Brooks Brothers, Inc.*, Appeal Nos. 2009-1428, 2009-1430 and 2009-1453. The appeal has been fully briefed and oral argument was heard August 3, 2010. The Federal Circuit's decision in the *Stauffer* appeal is likely to be binding on this Court. *See* 28 U.S.C. § 1295(a)(1); *see also Midwest Industries, Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) ("We apply Federal Circuit law to patent issues in order to serve one of the principal purposes for the creation of this court: to promote uniformity in the law with regard to subject matter within our exclusive appellate jurisdiction."); *Eli Lilly & Co. v. Teva Pharm., USA, Inc.*, No. 06-cv-1017, 2008 WL 2410420, at *1 n.2 (S.D. Ind. June 11, 2008) ("Decisions of the Federal Circuit regarding substantive matters of patent law are binding on federal district courts."). The decision will mark the first appellate treatment squarely addressing the circumstances under which a private party has standing under Article III of the U.S. Constitution to sue for false patent marking under Section 292. The Federal Circuit's decision will bear directly on this Court's subject matter jurisdiction over Plaintiff's claims in

this case.  Plaintiff will suffer no prejudice due to a brief stay to allow the Federal Circuit to render its decision in *Stauffer*;  the Court is not extending the stay to resolution of the question by the United States Supreme Court.  Further, the Court finds that a brief stay to allow the Federal Circuit to render a decision on the law that likely controls this case will serve the goals of judicial economy, as well as conserve the Court's and the parties' resources.  Therefore, the Court **GRANTS** the motion to stay (Doc. 17) filed by defendant The Scotts Company LLC, misnamed in the complaint as The Scotts Miracle-Gro Company, and **STAYS** the instant case until the Federal Circuit issues its opinion and mandate in *Stauffer*.  The Court **FURTHER ORDERS** the defendant to file a report on the status of the *Stauffer* appeal during the month of February every year and within 30 days after the Federal Circuit issues the mandate in that case.

**IT IS SO ORDERED.**
**Dated: August 31, 2010**

                                                     s/ J. Phil Gilbert
                                                     **Hon. J. Phil Gilbert**