UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT M. MUDGE,<br><br>    Plaintiff,<br><br>v.<br><br>THE SCOTTS MIRACLE-GRO COMPANY,<br><br>    Defendant. | CASE NO. 3:10-cv-402-JPG-SCW |
| UNITED STATES OF AMERICA,<br><br>    Intervenor. | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative for purposes of case management. Specifically, the Court wishes to stay these proceedings in light of recent and impending judicial developments. Indeed, "it is within the court's discretion to issue an order to stay proceedings sua sponte." *Rogers v. Ameriprise Fin. Servs., Inc.*, No. 07 C 6876, 2008 WL 4826262, at *2 (N.D. Ill. Nov. 4, 2008).

Recently, there have been several interesting judicial developments in the arena of *qui tam* actions for false patent marking. On July 7, 2011, the Federal Circuit Court of Appeals, whose decisions are binding on this Court, is set to hear oral arguments in *United States ex rel. FLFMC, LLC v. Wham-O, Inc.*, No. 2011-1067 (Fed. Cir. filed Nov. 16, 2010). The *Wham-O* District Court dismissed a false patent marking action for lack of standing and, by implication, subject matter jurisdiction because the plaintiff did not suffer injury-in-fact. *United States ex rel. FLFMC, LLC v. Wham-O, Inc.*, No. 10-cv-435, 2010 WL 3156162, at *7-9 (W.D. Pa. Aug. 3, 2010). The Federal Circuit's looming opinion in *Wham-O* may require the immediate dismissal of this action and, in any event, will provide tremendous guidance as to False Claims Act suits, which have flooded the

country's district courts in recent months. And, the Court can think of no notable prejudice or hardship that the plaintiff will suffer due to a temporary stay of this action.  For these reasons, a stay is certainly warranted.  *Kircher v. Putnam Funds Trust*, Nos. 06-cv-939-DRH, 06-cv-1001-DRH, 2007 WL 1532116, at *2 (S.D. Ill. May 24, 2007) ("The decision to issue a [sua sponte] stay rests within the Court's discretion, subject to the requirement that such discretion be exercised in a manner that is consistent with equity and judicial economy.").

In addition, the Court notes that appellate briefing will be completed in September in *Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 2011-1254 (Fed. Cir. filed Mar. 2011).  The *Unique Product* District Court ruled that the *qui tam* provision of the false patent marking statute is unconstitutional.  *Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 10-cv-1912, 2011 WL 924341, at *2-4 (N.D. Ohio Mar. 14, 2011).  Of course, if the Federal Circuit affirms this holding, it may well prove dispositive of the merits of this case.  And, even if it does not so rule, the Federal Circuit's decision will act as binding precedent on this Court.

Being fully advised of the premises, the Court finds that considerations of judicial economy and potential prejudice to the defendant dictate that this matter should be stayed.  Accordingly, the Court hereby **STAYS** all proceedings in this litigation until the Federal Circuit issues its opinion and mandate in *Wham-O*.  Further, the Court **ORDERS** the defendant to file a report on the status of the *Wham-O* appeal during the month of September every year and within 30 days after the Federal Circuit issues its mandate.

**IT IS SO ORDERED.**
**DATED: June 28, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
